United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE P.W. SUPERMARKETS, INC.,<br><br>    Debtor.<br>_____ | No. C 13-2143 PJH<br><br>Bankruptcy Case No. 11-53197 CN |
| UFCW & EMPLOYERS BENEFIT TRUST FUND, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>JOY LYNN BELLI, et al.,<br><br>    Defendants.<br>_____/ | **ORDER TO SHOW CAUSE;<br>ORDER REGARDING CONSENT<br>TO ENTRY OF FINAL ORDERS<br>OR JUDGMENT BY BANKRUPTCY<br>COURT** |

    Plaintiffs UFCW & Employers Benefit Trust Fund, UFCW-Northern California Employers Joint Pension Trust Fund, and Marc Del Piero, chapter 7 trustee for debtor P.W. Supermarkets, Inc., have filed a complaint against the following individuals: Joy Lynn Belli, Leland Belli, Kathleen Jalalian, Joseph P. Belli, Joylyn Belli, Lizabeth Belli, Valy Jalalian, Joey Jalalian, Mia Belli, Ryan Belli, Joseph K. Belli, FBJ Alum Rock, LLC, FBJ Homestead Associates, LLC, FBJ Livermore Associates, LLC, FBJ Walnut Ave LLC, FBJ Management, Inc., Franco Family Partnership, West Valley Shopping Center, LLC,  Story Road Center, LLC, Pahl & McCay, Stephen Pahl, and John Reimann.

    The complaint states that plaintiffs' claims against defendants arise under the Bankruptcy Code by virtue of debtor's involuntary bankruptcy case pending in the bankruptcy court.  Compl. ¶ 1.  Pursuant to Bankruptcy Local Rule 5011-1, all cases under

Title 11 and all civil proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the Bankruptcy Judges of this District, except for pending district court proceedings.  Plaintiffs are therefore required to file this complaint in the pending bankruptcy case, *In re P.W. Supermarkets, Inc.,* No. 11-53197 CN.  If plaintiffs seek withdrawal of the reference, they must file an appropriate motion pursuant to Bankruptcy Local Rule 5011-2.

IT IS HEREBY ORDERED that plaintiffs must either file a voluntary dismissal of this case, or show cause why the case should not be dismissed as improperly filed in the district court, by **May 22, 2013.**  Failure to respond in writing to this order to show cause will result in dismissal without prejudice.

If a motion for withdrawal of reference is filed by plaintiffs, the court asks the bankruptcy court to recommend whether the reference should be withdrawn pursuant to Bankruptcy Local Rule 5011-2(b).  If the bankruptcy court determines that it lacks constitutional authority to enter final orders or judgment in this case, the parties should be directed to file a statement whether they consent to entry of a final order or judgment by the bankruptcy court.  If any party declines such consent, the bankruptcy court may hear the proceeding and submit proposed findings and conclusions to the district court for entry of final judgment.  *Executive Benefits Ins. Agency v. Arkison* (*In re Bellingham Ins. Agency Inc.*), 702 F.3d 553, 565-66 (9th Cir. 2012) (citing *Stern v. Marshall*, 131 S.Ct. 2594, 2617-18 (2011)), *petition for certiorari filed* Apr. 3, 2013.

The clerk shall transmit a copy of this order to the bankruptcy court.

**IT IS SO ORDERED.**

Dated:   May 15, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge